## Commonwealth v. One 1937 Ford Sedan

*Horace A. Segelbaum,* Deputy Attorney General, and *James H. Duff,* Attorney General, for Commonwealth.
*Solomon Hurwitz,* for owner.

HARGEST, P. J., October 8, 1945.—This matter comes before us upon a petition by the Pennsylvania Liquor Control Board, pursuant to the Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744, for the forfeiture of one 1937 tudor blue Ford sedan, and answer thereto, and testimony taken.

The facts are that on April 14, 1945, shortly after midnight, an officer of the liquor control board approached John Poole, a janitor employed by the Pennsylvania Railroad Company in the station at Harrisburg. The officer asked Poole if he would sell him a bottle of liquor. Whether the officer in the first instance offered ten dollars for the bottle or whether Poole said the price had risen, he would have to get ten dollars, was disputed. At any rate, the officer paid ten dollars for a four-fifths quart bottle of whiskey, purchased by Poole at a State store for $3.02, on which the seals had not been broken. Poole left the station and returned in a short time with the whiskey. Poole testified that he bought the liquor that night, Friday the 13th, about 9 o'clock, at the instance of his wife, for the purpose of taking it home to her as she was sick, that the store was closed on Saturday, the 14th; that he had no intention of reselling it; that he put it in the compartment of his car, and the intention to sell was formed only after he had been approached by the officer.

At the hearing there was an offer to prove, in rebuttal, a previous sale by Poole to another enforcement officer, and, after some colloquy, the evidence was admitted only to affect the credibility of Poole. It was to the effect that about 1:30 a.m., July 25, 1944, Poole sold a bottle of liquor for nine dollars to Enforcement Officer Colver. When the arrangement was made he left the station and returned in about five minutes with a bottle of Paul Jones whiskey in a bag. This evidence was admitted solely to affect Poole's credibility, but the

counsel for the liquor control board has argued that it was substantive evidence of a prior sale.

Poole's automobile was seized on the same night, or early morning of October 14, 1945.

The question is whether we can find, under all the evidence, that the automobile in question was used in the illegal transportation of liquor.

### Statute involved

The seizure in this case was made pursuant to section 201 (f) of the Liquor Control Act, 47 PS §744-201 (f), which authorizes the seizure of any vehicle used in the unlawful sale of liquor.

The Liquor Control Act, in section 3 (a), 47 PS §744-3 (a) provides:

"This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth, and to prohibit forever the open saloon; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose."

Section 611 (a) provides, inter alia:

"No property rights shall exist in any liquor . . . illegally possessed, or in any . . . vehicle . . . used in the . . . illegal transportation of liquor . . . and the same shall be deemed contraband and shall be forfeited to the Commonwealth."

Section 611 (d) (1) provides:

"The proceedings for the forfeiture or condemnation of all property shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of quarter sessions, verified by oath or affirmation of any officer or citizen, containing the following: (I) A description of the property so seized, (II) a statement of the time and place where seized, (III) the owner, if known,

(IV) the person or persons in possession, if known, (V) an allegation that the same had been possessed or used or was intended for use in violation of this act, (VI) and a prayer for an order of forfeiture that the same be adjudged forfeited to the Commonwealth . . . unless cause be shown to the contrary."

Section 611 (*d*) (5) provides:

"At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (I) that he is the owner of said property, (II) that he lawfully acquired the same, and (III) that it was not unlawfully used or possessed."

In Commonwealth v. One 1936 Ford Truck, Three Ton, 136 Pa. Superior Ct. 473, it is said (p. 477) :

"This proceeding is in rem and is not technically a criminal one and the Commonwealth is not required to do more than prove its averments by a preponderance of the evidence . . ."

But the converse of the proposition is true, that the Commonwealth must prove that the automobile was illegally used to transport liquor by a preponderance of the evidence.

What we have here is evidence of one sale of one bottle of whiskey, for which the enforcement officer offered ten dollars for a bottle that cost $3.02. There is evidence which, under our somewhat archaic rules, was, and could only be, admitted for the purpose of affecting the defendant's credibility, that nine months before he made a sale to another enforcement officer. Having admitted this evidence for a single purpose, the court cannot use it, as it has been used in the brief of the liquor control board, as substantive evidence to prove a prior illegal sale, so as to charge this automobile with having been used in the illegal transportation. Assuming the truth of an illegal sale in July 1944, there is no evidence that the same automobile was used

in the transportation. In any event, however, we have given full credence to the story of the enforcement officers, that Poole sold for ten dollars a bottle of whiskey which he had bought for $3.02. There is no denial that he hauled the liquor in his car, but there is not a preponderance of evidence which the Commonwealth must show to prove that when he bought and hauled the liquor in his car it was for the purpose of illegal sale. He said that his wife was sick and asked him to purchase it, that he did purchase it that night because the State liquor store was closed the next day. And these items of testimony, if not true, were susceptible of contradiction.

We are not furnished, nor can we find, a case in which there has been a forfeiture based upon so little evidence.

In Commonwealth v. One Buick Sedan, Nos. 39 and 40, October sessions, 1942, Franklin County, the evidence showed that one Sophia Marion came to the liquor store in Chambersburg and bought marked whiskey, which was placed in a carton and then in her automobile. She and a boy employed by her got into the car and drove away. Enforcement officers who had observed the transaction followed and went to her place of business, and when the carton containing the whiskey was carried into the commissary conducted by Sophia Marion and placed in her bedroom the enforcement officers made purchases from Mrs. Marion and the boy in her employ. Under the circumstances there could be no doubt about the illegal transportation of the whiskey.

In Commonwealth v. One 1938 Black Cadillac Sedan, 43 D. & C. 530, the testimony showed that beer legally, purchased was transported by the purchaser in an automobile to his home, was illegally sold, and some of it sold directly from the sedan parked on the street near the defendant's premises.

In Commonwealth v. One 1937 Pontiac Coach, 48 Lanc. 253, a vehicle was used in the transportation of legal liquor and malt and brewed beverages to a public park, and some of the liquor and beverages was sold from the rear compartment of the motor vehicle, and, of course, it was held that the vehicle should be forfeited.

In Commonwealth v. One 1936 Ford Truck, Three Ton, 136 Pa. Superior Ct. 473, the truck was used to take a cargo of granulated sugar and empty five-gallon cans of the same type as other cans found upon the premises where a still was located. The cargo was concealed by a tarpaulin, and the headlights of the truck had been turned off while it was proceeding up a lane to the still. The automobile was forfeited.

In Commonwealth v. One Dodge Sedan, 141 Pa. Superior Ct. 34, a retail liquor dealer of Millville, N. J., after having purchased in Camden, N. J., and loaded his car with a large supply of liquors, aggregating $258, had, by a roundabout way, crossed the Delaware River Bridge and had driven to Vine Street in Philadelphia. When asked to explain his operation he said that he was to meet his wife at the Market Street wharf at 9 o'clock that evening. But "he gave no explanation of what he was doing on Vine Street four squares west of Twelfth Street and three squares north of Market Street, beyond that he was going to park his car on a lot on Chestnut Street". The forfeiture of the vehicle was sustained.

In all of these cases there was preponderating evidence of the use of the automobile for illegal transportation, which we do not find in the instant case. We are, therefore, impelled to dismiss the petition.

Now, October 8, 1945, the petition for the forfeiture of the one 1937 tudor blue Ford sedan belonging to John Poole is hereby dismissed.